UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

O

| Case No. | CR-08-943(A)-CAS | | Date | November 9, 2009 |
|---|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | N/A |
|---|---|

| CATHERINE JEANG | LAURA ELIAS | KERRY O'NEILL |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder,* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Garnik Yesayan | X | | X | Richard Lasting | X | X | |

**ARRAIGNMENT ON FIRST SUPERSEDING INDICTMENT**

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE INTRODUCTION OF DEFENDANT'S HEARSAY STATEMENTS BY DEFENDANT (filed 10/20/09)**

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE IMPEACHMENT OF DEFENDANT WITH PRIOR CONVICTIONS**
Proceedings:   **(filed 10/20/09)**

Hearing held and counsel are present.  The Court confers with counsel and arraigns defendant on the First Superseding Indictment filed November 6, 2009.  The Defendant pleads not guilty to Count 1 of the First Superseding Indictment.  Counsel argue on the motions as follows;

**I.      INTRODUCTION AND BACKGROUND**

On August 8, 2008, the government filed an indictment charging defendant Garnik Yesayan with four counts of health care fraud in violation of 18 U.S.C. § 1347, one count of conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, and one count of criminal forfeiture in violation of 18 U.S.C. § 982(a)(7).  These charges arise from defendant's alleged establishment of the durable medical equipment supply company New Century Medical Supply, Inc., defendant's alleged purchase of durable medical equipment prescriptions for New Century Supply, Inc., and defendant's subsequent submission to Medicare of allegedly false and fraudulent reimbursement claims based on those prescriptions.  Indictment ¶¶ 16-20; Govt.'s Mot. at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CRIMINAL MINUTES - GENERAL**

The government filed the motion in limine to exclude introduction of hearsay statements by defendant on October 20, 2009.  Defendant filed an opposition thereto on October 28, 2009.  The government filed a reply on November 3, 2009.

Defendant filed the motion in limine to preclude impeachment of defendant with prior convictions on October 20, 2009.  The government filed an opposition thereto on October 27, 2009.  The government filed a reply on November 2, 2009.

## II.     DISCUSSION

### A.     Defendant's Hearsay Statements

The government seeks to exclude any portion of defendant's statements made during an interview on March 12, 2008 with agents from the Department of Health and Human Services, Office of Inspector General, if the statements are not offered into evidence by the government or not testified to by defendant.  Mot. at 6.  The government argues that a defendant's statement is admissible only if offered against him, and a defendant may not elicit his own prior statement.  Id. at 7 (citing Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988); United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000)).

Defendant argues that if the government picks through his statements of March 12, 2008, and presents a distorted or misleading version of the interview, that he is entitled to correct what would amount to an incomplete, unfair, and totally biased version of what transpired during the interview.  Opp'n at 4.  Defendant asserts that Fed R. Evid. 611(a)[1] recognizes the dangers inherent in the selective admission of only a portion of a defendant's oral statement to the police and imposes an obligation for oral statements similar to what the rule of completeness, Rule 106,[2] does for writings.  Id. (citing United States v. Haddad, 10 F.3d 1252, 1259 (7th Cir. 1993); United States v. Branch, 91 F.3d 699 (5th Cir. 1996))  The government replies that in the Ninth Circuit, Rule 611(a) does not create a back door for the admission of hearsay testimony.  Reply at 2 (citing United States v. Collicott, 92 F.3d 973 (9th Cir. 1996)).

---

[1] Fed. R. Evid. 611(a) provides: "Control by court.  The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to make the interrogation and presentation effective for the ascertainment of the truth."

[2] Fed. R. Evid. 106 provides: "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

CRIMINAL MINUTES - GENERAL

The Court finds that defendant's exculpatory statements made on March 12, 2008, constitute inadmissable hearsay.  See Ortega, 203 F.3d at 682 ("[S]elf-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, but the non-self-inculpatory statements [made contemporaneously and offered by the defendant] are inadmissible hearsay.").  Accordingly, the Court GRANTS the government's motion in limine.

## B.     Defendant's Prior Convictions

Defendant argues that the government should be precluded from presenting any evidence of his prior convictions, because the prejudicial effect of impeachment outweighs any probative value in determining the credibility of defendant.  Mot. at 3 (citing Fed. R. Evid. 609(a)(1)).[3] Defendant was previously convicted in 2000 of a violation of Vehicle Code 2800.2, evading a peace officer while driving in an unsafe manner, and he was convicted in 2008 of a violation of Penal Code 12280(B), possession of an assault weapon.  Id.  Defendant argues that neither crime involves some element of misrepresentation or other indicium of a propensity to lie.  Id. at 4 (citing United States v. Ortega, 561 F.2d 803, 806 (9th Cir. 1977) (holding that impeachment of a defendant is limited to proof of a prior conviction for a crime "such as perjury, false statements, fraud, embezzlement or false pretense or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness or falsification bearing upon the accused's propensity to testify truthfully")).

The government argues that the probative value of defendant's felony convictions outweighs its prejudicial effect.  Opp'n at 3-4.  The government asserts that each of the factors enunciated by the Ninth Circuit in United States v. Browne, 829 F.2d 760, 762-76 (9th Cir. 1987), favors admission here.[4]  Id. at 3-9 (citing United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (holding that the district court did not abuse its discretion by allowing the

---

[3] Fed. R. Evid. 609(a)(1) permits the introduction of "evidence that an accused has been convicted of . . . a crime [punishable by death or imprisonment in excess of one year] if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

[4] The relevant factors that a district court should consider in balancing the probative value of evidence of a defendant's prior convictions against that evidence's prejudicial effect include "(1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness's subsequent history; (3) the similarity between the past crime and the charged crime; (4) the importance of defendant's testimony; and (5) the centrality of defendant's credibility." United States v. Hursh, 217 F.3d 761, 768 (9th Cir. 1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CRIMINAL MINUTES - GENERAL**

government to impeach the defendant, in a prosecution for possession of heroin with intent to distribute, with his prior conviction for armed robbery) United States v. Givens, 767 F.2d 574, 579-80 (9th Cir. 1985) (holding that defendant's prior felony conviction for assault with a deadly weapon was admissible under Rule 609)).

The Court finds that the prejudicial effect of admitting defendant's prior convictions outweighs the probative value of this evidence. Fed. R. Evid. 609(a)(1); Hursh, 217 F.3d at 768; 4 Jack B. Weinstein & Margaret A. Berger, WEINSTEIN'S FEDERAL EVIDENCE, § 609.23 (2d 2008) ("A 'rule of thumb' thus should be that convictions which rest on dishonest conduct relate to credibility whereas those of violent assaultive crimes generally do not; traffic violations, however serious, are in the same category.") Accordingly, the Court GRANTS defendant's motion in limine.

00 : 08

Initials of Deputy Clerk        CMJ